UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|   |   |   |
|---|---|---|
| CONDELL WOODSON, | : | |
| | : | Civil Action No. 13-4036 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES E. WARREN, et. al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

    **CONDELL WOODSON,** Petitioner Pro Se
    # 312544/792847B
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey 08625

**WIGENTON**, District Judge

Petitioner Condell Woodson challenges his 1999 New Jersey state court conviction in this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons discussed below, the petition is dismissed without prejudice as time-barred under 28 U.S.C. § 2244(d).

**I. BACKGROUND**

Petitioner, Condell Woodson, filed this § 2254 habeas petition on or about June 28, 2013.[1] According to the allegations contained in his petition, Petitioner was convicted on June

---

[1] Pursuant to the "prison mailbox rule," a habeas petition is deemed filed on the date the prisoner delivers it to prison officials for mailing, not on the date the petition is ultimately filed with the court. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988); *see also Burns v. Morton*, 134 F.3d 109, 112–13 (3d Cir. 1988) (applying prison mailbox rule set forth in *Houston*, which dealt with filing of an appeal, to a pro se prisoner's filing of a habeas petition). Often times, when the Court is unable to determine the exact date that a petitioner handed his petition to prison officials for mailing, it will look to the signed and dated certification of the petition. *See Henderson v.*

1

29, 1999, in the Superior Court of New Jersey, Law Division, Essex County, by guilty plea to the charge of felony murder and to three counts of first-degree armed robbery. He was sentenced to a term of life imprisonment without the possibility of parole. (ECF No. 1, Petition at ¶¶ 1-6.)

Petitioner filed a direct appeal before the Superior Court of New Jersey, Appellate Division. The Appellate Division affirmed the conviction and sentence on March 4, 2002. (*Id*., ¶¶ 8, 9.) The Supreme Court of New Jersey denied certification on June 2, 2002. *State v. Woodson*, 174 N.J. 38 (2002).

Thereafter, Petitioner filed a petition in state court for post-conviction relief ("PCR"). Petitioner fails to provide the date he filed his state PCR petition. The state PCR court denied relief without an evidentiary hearing on January 26, 2009. The Appellate Division affirmed the denial of the PCR petition on February 16, 2011. *State v. Woodson*, 2011 WL 520501 (N.J. Super. A.D. Feb. 16, 2011). The New Jersey Supreme Court denied certification on October 18, 2012.

Petitioner filed this habeas petition under 28 U.S.C. § 2254 on June 28, 2013. He did not use the habeas form as required under L.Civ.R. 81.2(a).

## II. STATUTE OF LIMITATIONS ANALYSIS

The governing statute of limitations for § 2254 habeas petitions is found at 28 U.S.C. § 2244(d), which states in relevant part:

---

*Frank*, 155 F.3d 159, 163–64 (3d Cir.1988) (using date prisoner signed petition as date he handed it to prison officials for purposes of calculating timeliness of habeas petition). Here, Petitioner signed his petition but did not enter a date on the petition form. Therefore, the Court will use the date of receipt, June 28, 2013, for statute of limitation purposes unless Petitioner can show that he gave the petition to prison officials for mailing at an earlier time.

> (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court. The limitation period shall run from the latest of-
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." The judgment is determined to be final by the conclusion of direct review, or the expiration of time for seeking such review, including the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Gonzalez v. Thaler*, 132 S.Ct. 641, 653–54 (2012). The statute of limitations is statutorily tolled during the time in which properly filed state post-conviction relief petition is pending. *See* 28 U.S.C. § 2244(d)(2). However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir.2001).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on June 6, 2002, and his conviction became final ninety days later, on or about September 6, 2002. Unless the statute of limitations was tolled, the applicable statute of limitations would have expired a year later, on September 6, 2003. Petitioner does not provide any information regarding when he filed his state PCR petition. However, on January 26, 2009, more than five

years after the limitations period expired, the state PCR court filed a written opinion denying the PCR petition without an evidentiary hearing. Without clarification from Petitioner, who did not use the standard § 2254 habeas form required by this District Court, *see* L.Civ.R. 81.2(a), which obliges the petitioner to provide the dates of filing of any state PCR petitions, it would appear that Petitioner's state PCR petition was filed after September 6, 2003, or certainly beyond the one-year statutory period. Thus, statutory tolling would not apply during the time Petitioner was litigating his PCR petition in state court. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state PCR petition had no effect on tolling because the limitations period had already run when it was filed).

With no apparent statutory tolling, Petitioner's federal habeas petition is untimely, having been filed on June 28, 2013, almost ten years after the September 6, 2003 expiration of the one-year limitations period. Accordingly, this federal habeas petition is time-barred unless Petitioner can demonstrate extraordinary circumstances to justify equitable tolling of the limitations period.

In *Holland v. Florida*, the Supreme Court held that AEDPA's one-year limitations period is subject to equitable tolling in appropriate cases, on a case-by-case basis. 560 U.S. 631, 649-50 (2010); *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). A litigant seeking equitable tolling bears the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 89 (3d Cir. 2013).

4

The diligence required for equitable tolling is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 560 U.S. at 653. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005) (citation omitted); *see also Alicia v. Karestes*, 389 F. App'x 118, 122 (3d Cir. 2010) (holding that the "obligation to act diligently pertains to both the federal habeas claim and the period in which the petitioner exhausts state court remedies"). Reasonable diligence is examined under a subjective test, and it must be considered in light of the particular circumstances of the case. *See Ross*, 712 F.3d at 799; *Schlueter v. Varner*, 384 F.3d 69, 74 (3d Cir. 2004) ("Due diligence does not require the maximum feasible diligence, but it does require diligence in the circumstances.") (internal quotation marks and citations omitted).

The court also must determine whether extraordinary circumstances exist to warrant equitable tolling. "[G]arden variety claim[s] of excusable neglect" by a petitioner's attorney do not generally present an extraordinary circumstance meriting equitable tolling. *Holland*, 560 U.S. at 651 (citations omitted); *see also Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Rather, equitable tolling could be triggered only when "the principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition and the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims." *LaCava*, 398 F.3d at 275–276; *see also Holland*, 560 U.S. at 648-49 (relying on *Pace*, 544 U.S. at 418); *Jenkins*, 705 F.3d at 89 (holding that equitable tolling should be applied sparingly, and only when the "principles of equity would make the rigid application of a limitation period unfair") (citations omitted).

Indeed, extraordinary circumstances have been found only where; (a) the respondent has actively misled the plaintiff, (b) the petitioner has in some extraordinary way been prevented from asserting his rights, (c) the petitioner has timely asserted his rights mistakenly in the wrong forum, or (d) the court itself has misled a party regarding the steps that the party needs to take to preserve a claim. *See Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Nevertheless, it must be restated that, even where extraordinary circumstances do exist, "if the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir.2000)).

In his habeas petition, Petition gives no explanation for the extensive delay in bringing his state PCR petition that would allow this Court to consider equitable tolling. Consequently, the petition will be dismissed as untimely, and no certificate of appealability will issue at this time. This dismissal is without prejudice to Petitioner filing a motion to re-open this case for consideration of statutory or equitable tolling issues. *United States v. Bendolph*, 409 F.3d 155, 169 (3d Cir. 2005) (en banc) (holding that district courts should provide petitioners with notice and opportunity to respond to a finding of untimeliness). Moreover, to the extent that Petitioner does seek to re-open this matter for consideration of tolling issues, the Court requires that Petitioner submit his habeas application on the proper § 2254 habeas form as required by the District Court under L.Civ.R. 81.2(a), and that Petitioner fully comply with the pleading requirements of said form.

**III. CERTIFICATE OF APPEALABILITY**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller–El v. Cockrell*, 537 U.S. 322, 327 (2003) (citation omitted), cited in *U.S. v. Williams*, No. 13–2976, 2013 WL 4615197, *2 (3d Cir. Aug.30, 2013).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), cited in *Kaplan v. U.S.*, Civil No. 13–2554, 2013 WL 3863923, *3 (D.N.J. July 24, 2013).

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural ruling. No certificate of appealability shall issue.

**IV. CONCLUSION**

For the above reasons, this Court finds that the § 2254 habeas petition should be dismissed as untimely filed under 28 U.S.C. § 2244(d), and a certificate of appealability will not issue accordingly. This dismissal is without prejudice, however, to Petitioner filing a motion to re-open this case for consideration of statutory or equitable tolling issues. In the event that

Petitioner does seek to re-open this matter for consideration of tolling issues, Petitioner must submit his habeas application on the proper § 2254 habeas form as required by the District Court under L.Civ.R. 81.2(a), and Petitioner shall fully comply with the pleading requirements of said form.  An appropriate Order follows.


    *s/ Susan D. Wigenton*
SUSAN D. WIGENTON
United States District Judge

DATED:  June 20, 2014