UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CONDELL WOODSON, | : | |
| | : | Civil Action No. 13-4036 (SDW) |
| Petitioner, | : | |
| | : | |
| v. | : | MEMORANDUM AND ORDER |
| | : | |
| CHARLES E. WARREN, et al., | : | |
| | : | |
| Respondents. | : | |

      THIS MATTER is before the Court pursuant to a motion filed by Petitioner Condell Woodson seeking to re-open his habeas action pursuant to 28 U.S.C. § 2254. (ECF No. 6.) This motion is being considered without oral argument, pursuant to Rule 78 of the Federal Rules of Civil Procedure, and it appearing that:

      1. On June 20, 2014, this Court issued an Opinion and Order dismissing without prejudice the petition for a writ of habeas corpus under 28 U.S.C. § 2254, because the petition appeared on its face to be time-barred under 28 U.S.C. § 2244(d). (ECF Nos. 3, 4.) Specifically, it appeared that Petitioner had not filed a petition for post-conviction relief ("PCR") in state court within the one-year statute of limitations under § 2244(d)(1) so as to invoke statutory tolling under § 2244(d)(2) while his state PCR petition was pending review. (ECF No. 3 – Op. at 4.) The Court allowed Petitioner to re-open this case for consideration of statutory or equitable tolling issues. (ECF No. 4.)

      2. Petitioner thereafter filed a motion to re-open his § 2254 habeas action. (ECF No. 6.) He also submitted an amended habeas petition on the proper form utilized by the District Court (AO 241 (modified); DNJ-Habeas -008 (Rev. 01-2014)). (ECF No. 7.) In his Certification in

support of his motion to re-open, Petitioner states that he filed a state PCR petition on or about July 2002, only one month after the New Jersey Supreme Court denied his petition for certification on direct appeal on June 6, 2002.  Petitioner does not provide verification of this petition.  (ECF No. 6-1 – Pet. Certification at ¶9.)  Petitioner also states that he filed another state PCR petition on October 21, 2003, again without documentary verification.  (*Id*. at ¶ 11.)  However, this Court notes that the latter PCR petition filed on October 21, 2003, would not have served to toll the federal statutory period under 28 U.S.C. § 2244(d)(2).  The Court further observes that Petitioner does not provide the date of filing for his state PCR petition in his amended habeas petition, as directed.  (ECF No. 7 – Am. Pet. at ¶ 11.)

3. Because it is not clear that Petitioner filed his state PCR petition so as to invoke statutory tolling under 28 U.S.C. § 2244 (d)(2), and his ability to provide documentary proof may be difficult given his incarceration, the Court will re-open this matter and direct the State to file a response to the amended habeas petition on the limited ground of timeliness.

THEREFORE, for the foregoing reasons,

It is on this 6th day of February, 2015,

ORDERED that the Clerk of the Court SHALL RE-OPEN this case; and it is further

ORDERED that the Clerk of the Court shall serve a copy of the Amended Petition (ECF No. 7), Petitioner's Motion to Re-Open (ECF Nos. 6, 6-1, 6-2) and this Order upon Respondents by regular mail, with all costs of service advanced by the United States; and it is further

ORDERED that Respondents shall electronically file a response to the petition specifically addressing the issue of timeliness within 45 days after the entry of this Order; and it is further

ORDERED that Petitioner may file and serve a reply within 30 days after Respondents file a response on the issue of timeliness; and it is further

ORDERED that the Clerk shall serve this Order upon the Plaintiff by regular mail.


_s/ Susan D. Wigenton_
SUSAN D. WIGENTON
United States District Judge